1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  RYAN REZAEI (CABN 285133)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
7       FAX: (415) 436-7234
        ryan.rezaei@usdoj.gov
8
   Attorneys for United States of America
9
                    UNITED STATES DISTRICT COURT
10
                 NORTHERN DISTRICT OF CALIFORNIA
11
                      SAN FRANCISCO DIVISION
12

13  UNITED STATES OF AMERICA,            )   CASE NO. 19-CR-00018-001 WHA
                                         )
14          Plaintiff,                   )   [PROPOSED] DETENTION ORDER
                                         )
15      v.                               )
                                         )
16  ZEPHYR CARTER,                       )
                                         )
17          Defendant.                   )
    ─────────────────────────────────── )
18

19          In late July 2019, the defendant Zephyr Carter was sentenced to a 24-month imprisonment term

20  and one year of supervised release following his conviction on a single count of aggravated identity theft

21  in violation of 18 U.S.C. § 1028A.  The defendant served his sentence and was released.

22          On August 7, 2020, a warrant was issued for the defendant's arrest based on multiple alleged

23  violations of his supervised release conditions.  Among other violations, the defendant was accused of

24  violating standard condition one, which states that he shall report to the probation office within 72 hours

25  of release.

26          The defendant was arrested on the outstanding federal warrant in early December 2021, and, on

27  December 14, 2021, a detention hearing was held before the Honorable Joseph C. Spero.  The parties

28  presented argument.  The defense argued that the defendant should not be detained, in part because of

1    the upcoming birth of the defendant's son.  (The defendant himself said his child was due in late March

2    2022.)  The government, on the other hand, argued that the defendant could not establish by clear and

3    convincing evidence that he would not flee based on the defendant's failure to report to the probation

4    office over the course of the last approximately 18 months (between June 2020, when the defendant

5    completed his 24-month imprisonment term, and early December 2021, when he was arrested on the

6    federal arrest warrant).[1]

7            Upon consideration of the proffers of the government and the defense and the presentation made

8    by U.S. Probation Officer Brandon Howard, and for the reasons stated on the record, the Court

9    determines that the defendant has not established by clear and convincing evidence that he will not flee.

10   *See* Fed. R. Crim. Proc. 32.1.  This determination is based on the defendant's failure to report to the

11   probation office over the course of the last 18 months (between the defendant's release in June 2020 and

12   his arrest in early 2021).  The defendant's statement regarding the upcoming birth of his son—that this is

13   enough of a motive to prevent any flight—is unconvincing.  The defendant knew about the upcoming

14   birth of his son and yet still failed to report to the probation office.  He also knew about the birth of his

15   son when he allegedly committed additional identity theft offenses in early December 2021.

16           The present order supplements the Court's findings and order at the detention hearing and serves

17   as written findings of fact and a statement of reasons.  These findings are made without prejudice to

18   defendant's right to seek review of defendant's detention or to file a motion for reconsideration if

19   circumstances warrant it.

20           Pursuant to Title 18, United States Code, Section 3142(i), IT IS ORDERED THAT:

21           1.      Defendant be, and hereby is, committed to the custody of the Attorney General for

22   confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving

23   sentences or being held in custody pending appeal;

24           2.      Defendant be afforded reasonable opportunity for private consultation with counsel; and

25   //

26   //

27

28       [1] According to the petition, following the defendant's release from custody on June 22, 2020, the defendant had
     telephonic contact with the probation office just twice, on June 24 and 25, 2020.

1   3.      On order of a court of the United States or on request of an attorney for the government,

2   the person in charge of the corrections facility in which the defendant is confined shall deliver defendant

3   to an authorized United States Marshal for the purpose of any appearance in connection with a court

4   proceeding.

5   IT IS SO ORDERED.

6

7   DATED:  December 14, 2021

_____
THE HON. JOSEPH C. SPERO
United States Chief Magistrate Judge